# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY HUDAK | : |
| Plaintiff, | : |
| v. | : 3:16-CV-288 |
| | : (JUDGE MARIANI) |
| BENJAMIN CLARK, et al. | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On February 18, 2016, Plaintiff Jeffrey Hudak filed a Complaint against Defendants Benjamin Clark, Kyle Hnat, John Doe #1, John Doe #2, Jane Doe #1, and Jane Doe #2. (Doc. 1). Plaintiff thereafter filed an Amended Complaint against Defendants Benjamin Clark, Kyle Hnat, Thomas Bachman, Richard Janesko, Jennifer Kosakevitch, and Sandra Van Luvender, containing a single Count for "Unlawful Seizure/Wrongful Arrest/False Imprisonment." (Doc. 22). Plaintiff's action arises out of events which occurred on September 13, 2014, following the shooting of Pennsylvania State Troopers Bryon Dixon and Alex Douglass at the Pennsylvania State Police Barracks in Blooming Grove the previous day.

Following the close of fact discovery, Plaintiff filed a Motion for Partial Summary Judgment (Doc. 30) requesting that the Court grant him partial summary judgment against the defendants "on the element of probable cause as to the claim set forth in Count I of the

Amended Complaint." (*Id.* at 1). The parties have fully briefed the motion, and it is now ripe for adjudication. For the reasons set forth below, the Court will grant Plaintiff's motion.

## II. STATEMENT OF UNDISPUTED FACTS

Due to the limited nature of Plaintiff's motion, Plaintiff's Statement of Material Facts only contains a single assertion: "Defendants did not have probable cause to seize, arrest, and/or imprison Plaintiff on September 13, 2014." (Doc. 31, at ¶1). In their "Counterstatement of Material Facts", Defendants admit paragraph one of Plaintiff's Statement, i.e. that they did not have probable cause to arrest Plaintiff. (Doc. 35, at ¶ 1). "Defendants, however, contend that [Plaintiff] voluntarily appeared for questioning at the Dunmore barracks." (*Id.*).[1]

## III. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure,

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] In light of the fact that it is undisputed that Defendants did not have probable cause, the parties might have accomplished what this Opinion and accompanying Order do by simply entering into a stipulation of fact, an approach that would have obviated the necessity of the instant motion and briefing of issues of a relatively arcane nature, and saved both the parties and the Court time and resources.

2

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## IV. ANALYSIS

The parties agree that to establish a Fourth Amendment false arrest/unlawful seizure claim, a plaintiff must establish (1) that there was an arrest, and (2) that the arrest was made without probable cause. (Doc. 33, at 4; Doc. 34, at 3; Doc. 37, at 1). *See also*, *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). As explained, *supra*, it is undisputed that, *if* Plaintiff was arrested, such an arrest was made without probable cause. However, Plaintiff candidly admits that "the parties dispute whether Plaintiff was arrested on September 13, 2014." (Doc. 33, at 2). Thus, the issue of whether Plaintiff was arrested remains an issue for trial.

Defendants oppose Plaintiff's motion for summary judgment on two bases: (1) that "a party cannot seek summary judgment on one element of a claim"; and (2) that granting Plaintiff's motion would cause a judgment which "seemingly finds that Plaintiff was arrested, when that very issue is what is in dispute in this case." (Doc. 34, at 4-5).

Defendant's first argument is premised on case law that pre-dates the 2010 amendments to Federal Rule of Civil Procedure 56. Prior to 2010, Courts consistently found that Rule 56 did not "contemplate a summary judgment for a portion of a single claim in a suit." *Angino v. Nationwide Mut. Fire Ins. Co.*, 2006 WL 89198, at *2 (M.D. Pa. 2006) (collecting cases). "Since the [2010] amendments, however, the argument that summary judgment is not proper for a portion of a single claim has lost its pluck." *In re SemCrude, L.P.*, 2012 WL 694505, at *3 (Bankr. D. Del. 2012).

Pursuant to the first sentence of Rule 56, "[a] party may move for summary judgment, identifying each claim or defense – or *the part of each claim* or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). The Advisory Committee's Note to the 2010 amendments to the Federal Rules explains that this sentence was "added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, *or part of a claim* or defense." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (emphasis added). The note further states that "[t]he subdivision [(a)] caption adopts the common phrase 'partial summary judgment' to describe disposition of less than the whole action, whether or not the

4

order grants all the relief requested by the motion." *Id.* As a result, since 2010, federal courts have repeatedly found that they are permitted to consider a motion for summary judgment on only a part of a claim. *See e.g., In re SemCrude, L.P.,* 2012 WL 694505 (Bankr. D. Del. 2012); *Pattie v. AT&T,* 2012 WL 1070031 (W.D.Pa. 2012); *Servicios Especiales Al Comercio Exterior v. Johnson Controls, Inc.,* 791 F.Supp.2d 626 (E.D. Wis. 2011). The procedural validity of granting summary judgment on only part of a claim is further reinforced by the language of Federal Rule of Civil Procedure 56(g) which allows that even if a Court does not grant all the relief requested in a motion for summary judgment, it may still "enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case;" thus illustrating that Rule 56 contemplates the possibility that summary judgment may be entered on less than a full claim and on one or fewer than all of the elements necessary to establish a claim.

Here, however, Plaintiff has limited his motion for summary judgment to a single element, the absence of probable cause, and has not moved for summary judgment on any of the other necessary elements that must be established for the imposition of liability on the defendants. In this context, Plaintiff's motion falls squarely within the authority granted by Rule 56(a) permitting a party to move for summary judgment on a "part" of his claim of unlawful seizure/false arrest. Thus, in light of the specific language found in Federal Rule of Civil Procedure 56, the Advisory Committee's notes, and the supporting case law, the Court

concludes that Plaintiff's motion for partial summary judgment is not procedurally improper. As such, because it is undisputed that, *if* Plaintiff was arrested, there was no probable cause for this arrest, the Court will grant Plaintiff's motion.

Defendant's second concern – that by entering summary judgment on the probable cause element of Plaintiff's claim, this would result in a finding that Plaintiff was arrested – misconceives the narrowly circumscribed scope of the Court's ruling. Although the use of the word "judgment" may be considered misleading, or even to be a misnomer, a concern which Defendants seemingly articulate,[2] this unfortunate yet necessary use of the word cannot serve to prevent the entry of summary judgment on an element of a claim to which Plaintiff is entitled. *See e.g. Servicios*, 791 F.Supp.2d at 632 (concluding that Plaintiff's motion for partial summary judgment was not barred but acknowledging that "[u]se of the word 'judgment' itself may be an unfortunate continued use of an inaccurate term. . . ."). However, this Court makes clear that, in finding that no triable issue of fact exists as to the element of probable cause, the Court is in no way implying that an arrest took place or removing the burden on Plaintiff to establish the fact of an arrest at trial. Rather, the Court is only "enter[ing] an order stating [a] material fact . . . that is not genuinely in dispute and treating the fact so established in the case," Fed. R. Civ. P. 56(g).

---

[2] Defendants assert that "should partial summary judgment be entered in [Plaintiff's] favor on one element of his single claim, but the jury renders a verdict in favor of Defendants at trial, the docket will reflect partial judgment in favor of Plaintiff which, logically, cannot coexist with judgment entered in favor of Defendants." (Doc. 34, at 4 n.4). The Court agrees with Defendants that the entry of a partial "judgment" appears confusing in light of the fact that Plaintiff has not prevailed on his claim at this time, but this does not procedurally prevent Plaintiff from obtaining partial summary judgment.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Partial Summary Judgment (Doc. 30). As a result, the issue of whether there was probable cause has been determined by this Court as a matter of law based on Defendants' admission that they "did not have probable cause to seize, arrest, and/or imprison Plaintiff on September 13, 2014" (Doc. 31, at ¶1). Trial in this matter will be limited to the other elements necessary for Plaintiff to establish his claim and for Defendants to establish any affirmative defenses they may raise. A separate Order follows.

Robert D. Mariani
United States District Judge

7